UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICOLE LYNN QUIROZ,

                Plaintiff,

-against-

ELMIRA PSYCHIATRIC CENTER/
HOSPITAL,

                Defendant.

23-CV-0384 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Steuben County, New York, brings this action *pro se*. She asserts claims that arose in 1992, in Chemung, County, New York. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404, to the United States District Court for the Western District of New York.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

    Plaintiff alleges that, as a young person, she was released from Elmira Psychiatric Center to the custody of a person known to be abusive to her and that she suffered serious harm as a

result. (ECF 2 at 5.) The sole defendant is Elmira Psychiatric Center in Chemung County, New York, and all of the events giving rise to Plaintiff's claims against this defendant appear to have taken place outside this district. It therefore appears that venue is not proper in this Court under Section 1391(b)(1), (2).

Because the events giving rise to Plaintiff's claims occurred in Chemung County, venue would be proper, under Section 1391(b)(2), in the Western District of New York. *See* 28 U.S.C. § 112(d) (Chemung County is in the Western District of New York).

A court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), to any other district where it might have been brought, whether or not venue is proper in the district where the case was filed. In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Chemung County, where defendant is located, and it is reasonable to expect

that all relevant documents and witnesses also would be in that location. Plaintiff resides in Steuben County, which is outside this district, and none of the operative events appears to have taken place in this district. The Western District of New York also appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 18, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge